UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY HIEHLIE,<br><br>    Defendant. | No. 2:19-cv-188-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

      Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

| | |
|---|---|
| 1 | Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, |
| 2 | 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it |
| 3 | fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.* |
| 4 | *Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 |
| 5 | (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of |
| 6 | his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of |
| 7 | a cause of action's elements will not do. Factual allegations must be enough to raise a right to |
| 8 | relief above the speculative level on the assumption that all of the complaint's allegations are |
| 9 | true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of |
| 10 | cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal |
| 11 | theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). |
| 12 | Under this standard, the court must accept as true the allegations of the complaint in |
| 13 | question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the |
| 14 | pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, |
| 15 | *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading |
| 16 | requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a |
| 17 | complaint to include "a short and plain statement of the claim showing that the pleader is entitled |
| 18 | to relief, in order to give the defendant fair notice of what the claim is and the grounds upon |
| 19 | which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47). |
| 20 | Plaintiff's complaint is filled with unintelligible and fanciful allegations that fail to state a |
| 21 | claim upon which relief may be granted. Plaintiff alleges that he is "King Tut of Egypt" and that |
| 22 | he has an ancient gold coffin in his penthouse at the Grand Sierra Resort in Reno, Nevada. ECF |
| 23 | No. 1 at 2. He also claims that he is Brian Sandoval, the former governor of Nevada, as well as |
| 24 | Scott Jones, the current Sheriff of Sacramento County, California. *Id*. He claims that he has |
| 25 | worked as a sheriff for the past two decades, but has never been paid. *Id*. He also claims that |
| 26 | while he was standing in front of a building, a deputy sheriff put a net over his head and arrested |
| 27 | him. *Id*. When plaintiff was in court, he allegedly attempted to explain to the judge that he was |
| 28 | Scott Jones, but the judge did not believe him. *Id*. He claims that this is a breach of a contract. |

He appears to contend that the judge should have been aware of the contract because the United Nations sent a copy of it to every county. *Id*. at 3. Plaintiff further alleges that he previously worked for Scotland Yard, where he was awarded a purple heart after he caught an individual suspected of committing a mass murder. *Id*.

These vague and fanciful allegations are largely incomprehensible and fail to state a claim for relief. Furthermore, the allegations are plainly frivolous under 1915(e)(2) because they lack even "an arguable basis in law or in fact," and appear "fanciful," "fantastic," and "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). Accordingly, plaintiff's complaint must be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and as frivolous; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE